# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES FUNDS SEIZED FROM SURETY BANK, ACCOUNT NO. 1017193, IN THE AMOUNT OF TWO HUNDRED THOUSAND DOLLARS ($200,000.00,<br><br>    Defendant Property. | Case No. 5:22-CV-00130-TES |

**CLAIMANT CHARLES SCHWAB & CO., INC.'S ANSWER TO UNITED STATES OF AMERICA'S VERIFIED COMPLAINT FOR FORFEITURE**

Claimant CHARLES SCHWAB & CO., INC. ("Schwab") answers the Verified Complaint for Forfeiture of the United States of America ("Complaint"), as follows:

## I.

## ANSWER

1. The allegations in Paragraph 1 contain conclusions of law to which no response is required. To the extent that Paragraph 1 makes allegations of fact concerning Schwab or the defendant property, those allegations are denied.

2. Schwab admits that the Defendant Property consists of two hundred thousand dollars ($200,000). As to the remaining allegations in Paragraph 2, Schwab is without knowledge or information sufficient to from a belief as to the truth of the allegations, and on that basis denies them.

- 1 -

KYL4856-0445-7249.2

3. The allegations of Paragraph 3 are legal conclusions to which no response is required. To the extent the allegations require a response, they are denied.

4. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

5. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

6. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

7. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

8. Schwab admits the allegations in Paragraph 8.

9. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

10. Paragraph 10 contains allegations with respect to no response is required. To the extent that Paragraph 10 makes allegations of fact concerning Schwab or defendant property, such allegations are denied.

11. Paragraph 11 contains allegations with respect to no response is required. To the extent that Paragraph 11 makes allegations of fact concerning Schwab or defendant property, such allegations are denied.

12. Paragraph 12 contains allegations with respect to no response is required. To the extent that Paragraph 12 makes allegations of fact concerning Schwab or defendant property, such allegations are denied.is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

13. Paragraph 13 contains allegations with respect to no response is required. To the extent that Paragraph 13 makes allegations of fact concerning Schwab or defendant property, such allegations are denied.

14. Schwab is informed and believes that the allegations in Paragraph 14 are true, and on that basis admits them.

15. Schwab admits the allegations in Paragraph 15.

16. Schwab admits that Joseph Michael Union, Sr. owns or has authority over several accounts with Schwab. As to the remaining allegations in Paragraph 16, Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

17. Schwab admits the allegations in Paragraph 17.

18. Schwab admits the allegations in Paragraph 18.

19. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

20. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

21. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

22. Schwab admits that on or about September 16, 2021, a wire transfer was initiated from Joseph Michael Union, Sr.'s Schwab account number 388807423. Schwabe further admits that the wire transfer was sent to Surety Bank account number 1017193, owned by Westcliff Technologies. As to the remaining allegations in Paragraph 22, Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

23. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

24. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

25. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

26. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

27. Schwab admits the allegations in Paragraph 27.

28. Schwab is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent that Paragraph 29 contains allegations of fact concerning Schwab or the defendant property, those allegations are denied.

## AFFIRMATIVE DEFENSES

While continuing to deny the material allegations set forth in Claimant's Claim, Schwab asserts the following affirmative and additional defenses and, without assuming the burden of proof with regard to these defenses, states as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Bona Fide Owner)

The Complaint fails because Schwab is the bona fide owner of the defendant property.

### THIRD AFFIRMATIVE DEFENSE

(Claim of Right)

The Complaint fails because Schwab has the valid claim of right to the defendant.

### FOURTH AFFIRMATIVE DEFENSE

(Standing)

The Complaint fails for lack of standing because, among other reasons, Plaintiff is not a bona fide owner of the defendant property and has no valid right of claim to it.

### FIFTH AFFIRMATIVE DEFENSE

(Good Faith by Answering Defendant)

Schwab has acted in good faith with respect to all aspects of this transaction.

### SIXTH AFFIRMATIVE DEFENSE

(Contrary to Public Policy)

Claimant's claims are barred because it is contrary to public policy to give Claimant the right to the Defendant Property despite Schwab's the valid claim of right to the Defendant Property for the reasons including, but not limited to, those set forth above.

### SEVENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The Complaint fails because it would unjustly enrich Plaintiff if it is awarded the right to the defendant property despite Schwab's valid claim of right.

### EIGHTH AFFIRMATIVE DEFENSE

(No Actual Injury)

Claimant's claims fail because it suffered no actual injury if the Court awards rights to Defendant Property to the party who has a valid claim of right to it.

## NINTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

The Complaint fails because it would unjustly enrich Plaintiff if it is awarded the right to the defendant property despite Schwab's valid claim of right.

## RESERVATION OF ADDITIONAL DEFENSES

Schwab reserves the right to amend this Answer and/or allege additional and/or affirmative defenses that become known during the course of discovery.

WHEREFORE, having fully answered the allegations in Claimant's Claim, Schwab prays that this Court dismiss Claimant's Claim in its entirety, with prejudice, award Schwab its attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

## PRAYER

WHEREFORE, Schwab prays for judgment as follows:

1. That the Complaint be dismissed, with prejudice;
2. That the Court order defendant property released to Schwab; and
3. For such other and further relief as the Court deems just and proper.

DATED:  May 26, 2022           BALLARD SPAHR LLP

By: */s/ Keisha O. Coleman*
Keisha O. Coleman (GA Bar 844720)
BALLARD SPAHR LLP
999 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309-4421
T: 678.420.9330
F: 678.420.9301
colemank@ballardspahr.com

AND

DATED:  May 26, 2022  KEESAL, YOUNG & LOGAN

By: */s/ David D. Piper*
DAVID D. PIPER, CASB No. 179889
david.piper@kyl.com
(Admitted Pro Hac Vice)
NITYA BHARDWAJ, CASB No. 340938
nitya.bhardwaj@kyl.com
(Admitted Pro Hac Vice)
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, Suite 1400
Long Beach, California  90802
T:  (562) 436-2000
F:  (562) 436-7416

Attorneys for Claimant
CHARLES SCHWAB & CO., INC.

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This 26th day of May, 2022.

By: */s/ David D. Piper*
DAVID D. PIPER, CASB No. 179889
(Admitted Pro Hac Vice)
