IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>UNITED STATES FUNDS SEIZED FROM SURETY BANK, ACCOUNT NO. 1017193, IN THE AMOUNT OF TWO HUNDRED THOUSAND DOLLARS ($200,000.00),<br>Defendant Property,<br><br>CHARLES SCHWAB & CO., INC.,<br>Claimant,<br><br>WESTCLIFF TECHNOLOGIES, INC.,<br>Claimant. | CASE NO.: 5:22-CV-130 (TES) |

## PROPOSED SCHEDULING & DISCOVERY ORDER

The parties held a Rule 26(f) conference on May 20, 2022. In accordance with the Court's Rules 16 and 26 Order dated May 9, 2022, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

I.  **Nature of the Case:**

   This is a civil action *in rem* brought pursuant to Title 18, United States Code, Section 981(a)(1)(C), to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: two hundred thousand dollars ($200,000.00) in United States funds. The complex issue here is if Charles Schwab & Co., Inc. or Westcliff Technologies, Inc. has a superior ownership interest or innocent owner defense as defined under Title 18, United States Code, Section 983(d).

II. **Counsel of Record:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff's Counsel:**
Michael D. Morrison
Assistant United States Attorney
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2682
Mike.Morrison@usdoj.gov

**Charles Schwab & Co., Inc.'s Counsel:**

David D. Piper, Esq.
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, Suite 1400
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416
david.piper@kyl.com

Nitya Bhardwaj, Esq.
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, Suite 1400
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416
nitya.bhardwaj@kyl.com

Keisha O. Coleman, Esq.
BALLARD SPAHR LLP
999 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309-4421
Telephone: (678) 420-9330
Facsimile: (678) 420-9301
colemank@ballardspahr.com

**Westcliff Technologies, Inc., Counsel:**
Vincent Renda, Esq.
9565 Waples Street, Suite 200
San Diego, California 92101
Telephone: (858) 868-5000
Facsimile: (866) 303-8383
vr@pinlegal.com

III. **Complaint, Claim, and Answer filing dates:**

Complaint was filed on: March 28, 2022.

2

Claim for Charles Schwab & Co., Inc. was filed on: <u>May 4, 2022.</u>

Answer for Charles Schwab & Co., Inc. was filed on: <u>May 26, 2022.</u>

Claim for Westcliff Technologies, Inc. was filed on: <u>May 4, 2022.</u>

A Claim with Exhibits for Westcliff Technologies, Inc. was filed on: <u>May 5, 2022.</u>

Answer for Westcliff Technologies, Inc. was filed on: <u>May 25, 2022.</u>

## IV.   Discovery Deadlines:

### A.   Initial Disclosures

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(e), a forfeiture action in rem arising from a federal statute exempts parties from providing initial disclosures.

### B.   Time for Discovery

The time for discovery in this case shall expire December 5, 2022, that being no more than one hundred eighty (180) days after the submission of the Proposed Order to the Court.

If a party believes that more time for discovery is needed, an appropriate motion accompanied by a proposed order for the Court may be filed setting forth good cause for an extension.

### C.   Scope of Discovery

#### 1.   Issues of Plaintiff:

a.   Whether there is a preponderance of evidence to establish that the funds constitute or was derived from proceeds traceable to violation(s) of Title 18, United States Code, Section 1344 (Bank Fraud), Title 18, United States Code, Section 1343 (Wire Fraud), Title 18, United States Code, Section 1030 (Computer

Fraud) and/or a conspiracy to commit such offense(s) in violation of Title 18, United States Code, Section 371

b.   Whether Claimant Charles Schwab & Co., Inc., or Claimant

3

        Westcliff Technologies, Inc. is the lawful owner, or innocent owner of the property.

2. **Issues of Claimant Charles Schwab & Co., Inc.:**

    a. Whether Claimant Charles Schwab & Co., Inc. is the lawful owner or innocent owner of the property.

    b. Whether Claimant Charles Schwab & Co., Inc.'s interest in the property is superior to the interest of Claimant Westcliff Technologies, Inc.

    c. Whether Claimant Westcliff Technologies, Inc. ever acquired any interest in the property.

    d. Whether Union authorized the transfer of the property.

3. **Issues of Claimant Westcliff Technologies, Inc.:**

    a. Whether Claimant Westcliff Technologies, Inc. had any knowledge, or consented to, or was willfully blind to any alleged violations of Title 18, United States Code, Section 1344 (Bank Fraud), Title 18, United States Code, Section 1343 (Wire Fraud), Title 18, United States Code, Section 1030 (Computer Fraud) and/or a conspiracy to commit such offense(s) in violation of Title 18, United States Code, Section 371 at the time that it received the property.

    b. Whether Claimant Westcliff Technologies, Inc. received the property for value.

    c. Whether Claimant Charles Schwab & Co., Inc. had any knowledge, or consented to, or was willfully blind to any alleged violations of Title 18, United States Code, Section 1344 (Bank Fraud), Title 18, United States Code, Section 1343 (Wire Fraud), Title 18, United States Code, Section 1030 (Computer Fraud) and/or a conspiracy to commit such offense(s) in

    violation of Title 18, United States Code, Section 371 at the time such violations occurred.

    d. Whether Claimant Charles Schwab & Co., Inc. was reckless in allowing the alleged violations and illegal use of the property

4

      to occur, which caused harm to Claimant Westcliff Technologies, Inc. as a result of such alleged illegal activity.

  e. Whether Claimant Charles Schwab & Co., Inc. was negligent in allowing the alleged violations and illegal use of the property to occur, which caused harm to Claimant Westcliff Technologies, Inc. as a result of such alleged illegal activity.

**4.** **The Parties plan to conduct the following discovery:**

  a. Plaintiff may serve Claimants with special interrogatories, interrogatories, requests to produce, requests for admissions, and notices of depositions.

  b. Claimants may serve Plaintiff with interrogatories, requests to produce, requests for admissions, and notices of depositions.

Discovery shall be completed by December 5, 2022. The parties agree that there is no need to conduct the discovery in phases, and it shall be limited to or focused on the parties' issues.

**D.** **Electronically Stored Information**

Counsel does not anticipate any issues relating to disclosure or discovery of electronically stored information.

**E.** **Privilege Claims**

At the present time, the parties do not anticipate any necessity for limiting discovery or seeking protective orders. Should an issue arise, however, the parties will diligently seek to reach a resolution without the intervention of the Court. If the parties are unable to do so, the matter will be brought to the attention of the Court in a timely manner so as not to delay the completion of the discovery schedule set forth herein.

**F.** **Witnesses to be Deposed**

  1. Plaintiff does not plan on conducting any depositions, but reserves the right to do so.

  2. Claimant Charles Schwab & Co., Inc., does not presently plan to

        conduct any depositions, but reserves the right to do so.

3. Claimant Westcliff Technologies Inc., plans to depose the following individuals:

    a. Joseph Union

    b. Robert Gibbs, FBI Special Agent

    c. Kevin Mcyntire, Charles Schwab Investigator

    d. Person Most Knowledgeable for Charles Schwab & Co., Inc.

4. Plaintiff and Claimants may depose any properly identified expert witnesses as soon as they are identified.

A mutually agreed upon time, date, and place shall be arranged by both parties within the time limits imposed by this Scheduling Order.

## G. Expert Witnesses

### 1. Designation of Experts

The Plaintiff must disclose the identity of any expert witness on or before September 6, 2022, that being no more than ninety (90) days after the submission of the Proposed Order to the Court.

The Claimants must disclose the identity of any expert witness on or before October 6, 2022, that being no more than one hundred twenty (120) days after the submission of the Proposed Order to the Court.

In the event a Claimant designates an expert where Plaintiff has not previously designated an expert, Plaintiff shall have an additional thirty (30) days to designate a rebuttal expert.

### 2. Expert Reports

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before November 15, 2022, that being no more than one hundred sixty (160) days after the submission of the Proposed Order to the Court. No additional supplemental reports may be disclosed or

6

provided after this date without leave of Court.

### H. Discovery Limitations or Need for Protective Order

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

At the present time, the parties do not anticipate any necessity for limiting discovery or seeking protective orders. Should an issue arise, however, the parties will diligently seek to reach a resolution without the intervention of the Court. If the parties are unable to do so, the matter will be brought to the attention of the Court in a timely manner so as not to delay the completion of the discovery schedule set forth herein.

### I. Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Cheryl Collins, Courtroom Deputy (478-752-2603) to request a telephone conference with the Court.

The parties will diligently seek to complete the discovery process without the intervention of the Court. However, if the parties are unable to resolve issues related to non-compliance with discovery requests, those matters will be brought to the attention of the Court in a timely manner so as not to delay the completion of the discovery schedule set forth herein.

## V. Time for Filing Motions:

### A. Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join parties must be filed no later than August 8, 2022[1], that being no more than sixty (60) days after the entry of this Scheduling and Discovery Order.

### B. Dispositive Motions

All dispositive motions must be filed no later than January 4, 2023, that

---

1 The sixtieth day falls on Sunday, August 7, 2022.

being no more than thirty (30) days after the expiration of discovery in this case.

In the event one or all parties would like to request oral argument on a pending Motion for Summary Judgment, a separate motion requesting oral argument will be filed in accordance with Local Rule 7.5.

### C.     *Daubert* Motions

All *Daubert* motions must be filed no later than January 4, 2023, that being no more than thirty (30) days after the expiration of discovery in this case.

## VI.    Certification of the Parties and Counsel:

The Parties, by their signature of counsel below, certify that they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 8th day of June, 2022.

PETER D. LEARY
UNITED STATES ATTORNEY


*/s/ Michael D. Morrison*
MICHAEL D. MORRISON
Attorney for Plaintiff

Georgia Bar No.: 153001

/s/ *David D. Piper, Esq.*
DAVID D. PIPER, ESQ.
KEESAL, YOUNG & LOGAN
Attorney for Claimant
Charles Schwab & Co., Inc.
*Pro Hac Vice*
CASB No.: 179889

/s/ *Nitya Bhardwaj, Esq.*
NITYA BHARDWAJ, ESQ.
KEESAL, YOUNG & LOGAN
Attorney for Claimant
Charles Schwab & Co., Inc.
*Pro Hac Vice*
CASB No. 340938

/s/ *Keisha O. Coleman, Esq.*
KEISHA O. COLEMAN, ESQ.
BALLARD SPAHR LLP
Attorney for Claimant
Charles Schwab & Co., Inc.
Georgia Bar No.: 844720

/s/ *Vincent Renda, Esq.*
VINCENT RENDA, ESQ.
Attorney for Claimant
Westcliff Technologies Inc.
Georgia Bar No.: 702171

On behalf of the parties, the undersigned hereby certifies that he received consent

for the submission of this Proposed Scheduling & Discovery Order.

                                      PETER D. LEARY
                                      UNITED STATES ATTORNEY

                                      */s/ Michael D. Morrison*
                                      MICHAEL D. MORRISON
                                      Attorney for Plaintiff
                                      Georgia Bar No.: 153001

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT.**

**SO ORDERED** this \_\_\_8\_\_\_ day of \_\_June_____, 2022.

                                      TILMAN E. SELF, III, JUDGE
                                      UNITED STATES DISTRICT COURT
                                      MIDDLE DISTRICT OF GEORGIA